HORE vs. STEAMBOAT BELLE OF ATTAKAPAS.

In a suit against a boat before a justice of the peace, a judgment by default against the boat being rendered and a motion to set the same aside being overruled, an appeal will lie from the judgment of the justice.

APPEAL from St. Louis Court of Common Pleas.

HART, *for Appellant.*

PRIMM & WHITTELSEY, *for Appellee, insist:*

1. The court had jurisdiction of the cause. Rev. L. 1845, p. 315, sec. 2, 3rd subdivision. No statute exists *prohibiting* jurisdiction in such case.

2. The appeal was properly granted by the justice. Every justice has power to set aside a judgment by default, for good cause shewn, *upon such terms as shall be just.* Rev. Code, p. 652, sec. 9.

The justice of the terms is to be judged of as well by the applicant as by the justice. The appellant not considering the terms just, the magistrate refused to set aside the default, and an appeal was taken. Rev. Code, p. 667, sec. 2.

3. The motion to dismiss the appeal in the Court of Common Pleas was therefore properly overruled by the court.

4. The motion to set aside the judgment of nonsuit was properly overruled; no merits are shewn, and no excuse is given by the appellant.

SCOTT, J., *delivered the opinion of the Court.*

Under the statute concerning boats and vessels, Hore sued the boat in a justice's court for services on her as a deck hand. There was a judgment by default against the boat before a justice, and after an unsuccessful motion to set it aside, she appealed to the Court of Common Pleas. The appeal was taken in May, 1845. In the Common Pleas, the plaintiff moved to dismiss the appeal, for the reason that it had been improvidently granted. The motion was overruled, and the plaintiff submitted to a nonsuit, and after an unsuccessful attempt to set it aside, appealed to this Court.

The statute under which this proceeding was had, Rev. Code, page 103, sec. 13, enacts, that in all their proceedings, justices of the peace shall conform to the provisions of the law governing justices' courts.— This was sufficient to authorize the appeal from the justice, and the Common Pleas did not therefore err in refusing to dismiss it. Session Acts 1841, page 50, and third subdivision of the 2nd sec.

The other Judges concurring, the judgment will be affirmed.